OPINION
By MORGAN, J.
This action was brought in the court of common pleas by the plaintiff as relator against the Village of Beachwood, the Clerk and the Building Inspector thereof, praying for a writ of mandamus to compel the issuance of permits to make connections from three sub-lots owned by the Relator, to the sewer and water mains in the street. In the reply the relator further prayed that Ordinance 1941-34 of the Village of Beach-wood be declared unconstitutional and in violation of a previous order of this court; for a declaratory judgment and for other and further relief.
The common pleas court entered a judgment for the relator in which a writ.of mandamus was granted against the building inspector ordering him to issue the sewer permits and a mandatory injunction was granted against the village of Beachwood ordering it to issue the water permits. Both the Building Inspector and the Village have appealed to this court on questions of law.
The following are the facts in the case as shown by the admissions in the pleadings and the evidence:
In the years 1926 and 1927 on petition of the then owners of the allotment in which the said sub-lots are located, the Council of the Village adopted legislation providing for the construction of street improvements in such allotment, including sewers and water mains, the cost thereof to be assessed upon the specially benefited property. The property in the allotment, including the said sublets had been registered under the provisions of the Torrens Act and the Village Clerk failed to file notice of the assessment proceedings with the County Recorder as re'quired by Sec. 8572-56 of the Torrens Act, as it then stood.
After the improvements had been completed, title to the allotment was acquired by the Relator and it then commenced suit to enjoin the collection of the assessments because of the failure to give the notice required in §8572-56 GC. This action was pending in the court of common pleas when the case of Curry v Lybarger, 133 Oh St 55, was decided in which the supreme court held that the filing of the notice as then required in §8572-56 GC of the Torrens Act was essential “as a prerequisite' to the imposition of a village assessment lien upon lands registered under the Torrens Act” and that failure to file such notice could not be remedied by a filing at a substantially later date.
After the decision in Curry v Lybarger, supra, and while the injunction suit was still pending, the Village of Beachwood brought an action for a declaratory judgment upon the question of its authority to levy re-assessments under the provisions of §§3902 and *368 3903 GC, it being alleged that the necessity for re-assessments was based on the' failure of the clerk to comply with §8572-56 GC of the Torrens Act in the case of the original assessments. This case was decided adversely to the Village in the common pleas court and upon appeal to this court the judgment was affirmed. A motion to certify was overruled by the supreme court of Ohio.
The action of the relator to enjoin assessments because of failure to comply with §8572-58 GC then came on for hearing. The common pleas court granted the injunction and on appeal to this court the judgment was likewise entered for; the relator. The Vil-’ lage accepted the result and no motion to certify was filed.
In the journal entry in the in-' junction case this court found that as to the said allotment “the plaintiff is a bona fide purchaser for value thereof subsequent to the installation of the improvements described in the pleadings” and also “that the Village of Beachwood failed to comply with §8572-56 GC * * * and that by reason of such failure the registered lands herein described are not liable for such assessments.”
Inasmuch as the journal entry in the previous case in our opinion has a controlling effect in the present case, the decree portion of the entry is given in full and is as follows:
“IT IS THERFORE ORDERED, ADJUDGED AND DECREED, that the registered lands herein described, be and they hereby are declared not liable for any of the assessments or re-assessments described in plaintiff’s supplemental petition and that any claimed lien for said assessments or re-assessments be, and the same hereby are declared to be null and void and of no virtue and effect as against plaintiff’s lands; and that the defendant, Village of Beachwood, be, and it hereby is enjoined from further certifying to the Auditor of Cuyahoga County for collection any part or all of the special assessments or re-assessments described in the supplemental petition; that the defendant, John A. Zangerle is directed to remove said special assessments from his duplicate; that the defendants, Village of Beachwood and John J. Boyle, County Treasurer and his successors in office be, and they hereby are enjoined from taking any further steps or proceedings whatsoever to collect any unpaid portion of said assessments or re-assessments.”
The Council of the Village then adopted an Ordinance known as Ordinance No. 1941-34 which is entitled “An ordinance providing for the issuance of sewer and water service connection permits for certain property under certain conditions.”
The part of the ordinance having a bearing on the present litigation is found in §1 and is as follows:
§1. “Whenever storm or sanitary sewers or water mains have been constructed by the village in any of the public highways of the village under proceedings providing for the assessment of any portion of the cost of such improvement upon the property specifically benefited thereby, and bonds of the village have been issued and sold in anticipation of the collection of such assessmencs and refunding bonds have been issued pursuant to law to refund outstanding bonds not theretofore paid, no permits shall be issued for any storm or sanitary *369 sewer connections or for any water service connections to said storm or sanitary sewers or water mains for any parcel of property so assessed, unless the amount of the assessment provided for in the legislation for such improvement has been paid. The provisions of this section shall apply only to such cases in which the original assessments, or the reassessments under the refunding provisions, have been declared uncollectible by reason of non-compliance with the provisions of §8572-56 GO or are uncollectible by reason of the provisions of the Torrens Act.”
Following the adoption of this ordinance, the relator obtained from thé defendant building inspector permits for erection of residence buildings upon the three lots in question and then made application to the village clerk and village building inspector for sewer and water curb connection permits for the three lots. The relator filled out all applications and tendered all of the fees that would normally be payable for such permits but was informed by the officials of the village that no permits would be issued unless the relator would first pay the entire amount of the sewer and water assessments for each of the said three lots, as required by the provisions of ordinance 1941-34. Relator then brought this action.
■ The Village of Beachwood in this case relies on the decision in Herman et al v State ex rel etc., 54 Oh St 506. The syllabus in that case is as follows:
“Where by municipal authority, a system of sewers is constructed with a view to assessing a portion of the costs thereof equally upon the abutting property, and a portion of the assessments are paid and a portion successfully resisted, a rule requiring as a condition to the use of the sewer that those who so resisted shall pay a sum equal to that paid by others toward its construction is not unreasonable.”
Relator attempts to distinguish the Herman case from the present case on three grounds. First, that Sec. 2402 R. S. which authorized the Board of Administration of the City of Cincinnati to prescribe rules and regulations for the tapping of sewers was repealed in 1903. However, it is our opinion that the Village of Beachwood has the power to fix conditions for the use of sewers and water mains in the Village that are not unreasonable. Second, the land in the Herman case was not registered under the Torrens Act. This Act originally enacted in 1913 is entitled; “An Act to provide for the settlement, registration, transfer and assurance of land titles * *
It is clear that the assurance to a purchaser of Torreñized land that there are no liens for special assessments on the land, is of little value if the municipality can legally charge the owner with the amount of the assessments for the privilege of making connections with sewer and water mains.
We do not, however, distinguish the Herman case, supra, from the present ease on this ground.
The Relator also claims that the Herman case is to be distinguished on a third ground. In the previous litigation between these same parties, regarding the validity of the special assessments, this court, as stated, made a finding that “the plaintiff is a bona fide purchaser for value thereof subsequent to the installation of the improvements” and the village is enjoined “from taking any further steps or proceedings whatsoever to collect any unpaid portion of said assessments or reassessments.”
*370 Is Village ordinance 1941-34 a “step or proceeding” whose purpose is “to collect” the “unpaid portion of said assessments or reassessments?” It is our opinion that the ordinance is such a “step or proceeding” and therefore comes within the terms of the injunction. It constitutes an attempt to do indirectly what the village is specifically enjoined from doing directly. This appears more clearly from the fact that the ordinance is not general in its nature, applying to all special assessments. By its terms it applies only “to such cases in which the original assessments or re-assessments under __the refunding provisions have been declared uncollectible by reason of non-compliance with the provisions of §8572-56 GC, or are uncollectible by reason of the provisions of the Torrens Act.”
1 Assessments may be invalid for many different reasons. If the ordinance had been drafted SO' that it would apply to all cases where assessments were uncollectible for any reason, there might be some basis for a plausible argument that the purpose of the ordinance was not to get around the decision in the previous litigation.
The ordinance, however, is limited and restricted to Torrenized lands such as those under consideration in the present case. The conclusion is inevitable — the village having failed in its attempt to maintain the legality of the special assessments liens, by the passage of this ordinance has taken another “step or proceeding” “to collect the unpaid portion” of the assessments.
We are not unmindful of the fact that the failure of the Clerk of the Village to file a memorial of the assessments with the County Recorder, as required by former §8572-56 GC, coupled with the decision in Curry v Lybarger, supra, results in a great injustice to the general taxpayers of the Village of Beachwood. When the Supreme Court, in Curry v Lybarger, stated that in construing statutes imposing taxes, “any doubt as to construction or effect must be resolved in favor of those on whom the burden is sought to be imposed” and .held that a failure to file the notice then provided for in §8572-56 GC, could not be remedied by a filing at a substantially later date, it is a natural inquiry whether the court had in mind that by its construction of the statute it was imposing a burden on the general taxpayer for special benefits which in all justice should have been borne by the properties benefited. All such speculation, however, can have no bearing on the decision of this case. This court, in a previous decision between the same parties, has found that the relator is a bona fide purchaser for value of the lots in question, after the improvements ■were installed and the Village was enjoined from taking any step or proceeding whatsoever to collect the unpaid portion of the assessments.
We hold that the passage of ordinance 1941-34 by the Village of Beachwood was such a step or proceeding and being in violation of the injunction issued by this court, is void and of no effect.
It follows that the judgment of the common pleas court in this case should be and hereby is affirmed.
LIEGHLEY, PJ., SKEEL, J., concur.