**STATE ex. GUNDERSON, Plaintiff-Appellee, v. SOUTH EUCLID (City) et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23366. Decided February 16, 1955.

Davies, Eshner, Johnson & Miller, Cleveland, for plaintiff-appellee.
Clifford H. Bernard, Cleveland, for defendants-appellants.

(DOYLE, PJ, HUNSICKER, J of the 9th District; MIDDLETON, J, of 3rd District sitting by designation in the 8th District.)

## OPINION

By DOYLE, PJ:

The relator, Leonard M. Gunderson, instituted this action in mandamus against the City of South Euclid, Ohio, and various officials thereof, in the Court of Common Pleas of Cuyahoga County.

He pleaded that as the owner of a lot of land located on Temblehurst Drive in the City of South Euclid, he submitted to the building commissioner of the city proposed plans and specifications for the erection of a dwelling * * * together with a regular application fee for the issuance of a building permit; the plans and specifications were filed and "duly approved by the said * * * building commissioner," but that on the same date of the filing and approval, the city officials refused to issue said building permit or sewer and water connections permit, unless there was paid to the city, in addition to the regular application fees, an additional sum of money claimed by the city to be an amount equal to the cost of the installation by the said city, of sewer and water on and for said lot, "notwithstanding the fact that this court has heretofore held that said * * * lot * * *is not subject to any assessments or charges for said sewer and water improvements and has enjoined the city * * * from collecting, or attempting to collect the same." (This decision was affirmed by the Supreme Court of Ohio in **Gunderson v. City of South Euclid, et al, 157 Oh St 437.**)

The relator continued by pleading that he had conformed with all of the regulations of the building code of the city, as well as with all other ordinances in force "in relation to the erection of structures," and that if the respondent building commission is not compelled to issue a permit he will suffer irreparable damages. The petition concludes with a prayer for a peremptory writ of mandamus, directing the building commissioner to issue a building and sewer and water connection permit.

The respondents by way of answer admit various allegations in the petition and specifically plead "that the request of plaintiff for a sewer and water connection permit was refused because plaintiff failed to pay defendant the sum of one hundred seventy-four dollars and fifty-eight cents ($174.58) the pro rata cost of placing said improvements in the street abutting plaintiff's property." Further pleading, the defendants say:

"that ever since the 5th day of August, 1941, an ordinance of the City of South Euclid has been in effect which requires owners of property abutting on a street that has been improved at the expense of the city or financed through the issuance of bonds by the installation of sewer and water mains, to pay a proportionate cost thereof before an application to tap such sewers or water mains may be made; that the plaintiff has failed and refused to pay defendant the sum of one hundred seventy-four and 58/100 dollars ($174.58) same being his proportionate cost of the installation of water and sewer in Temblehurst Road and that by reason thereof, no duty devolves upon these answering defendants to issue a permit to connect with such sewer and water mains."

The reply of the relator challenges the constitutionality of the ordinance referred to in the answer, which he claims was enacted for the purpose of requiring property owners "to pay the assessed cost of water and sewer installations when special assessments could not be collected by the city, due to defects in procedure or the failure to obtain an assessment lien * *." The reply further alleges that the ordinance is void and of no effect as against relator for the reason that relator purchased the property at Auditor's forfeited land sale;" the land is "torrenized or

registered land," and when the city started its proceedings to improve the roadway on which the property, which is the subject of this action, is located, "No notice or list of lands were filed as mandatorily required by §8572-56 GC then and there in effect, nor was a memorial of any of the special assessments entered on the register of the certificate of title of relator's land or on his owner's duplicate thereof." The reply continues by pleading a decree of injunction entered by the common pleas court (affirmed by the Supreme Court in 157 Oh St 437) "enjoining the collection of these assessments and holding the lands free from any lien thereof;" that the ordinance is an attempt to avoid the decisions of the courts enjoining the collection of special assessments and seeks to do indirectly that which the courts have expressly forbidden, and is ineffectual and void.

At the conclusion of the trial in the Court of Common Pleas, the trial court entered the following order:

"This cause came on to be heard * * * upon the pleadings, agreed stipulation of facts, and the briefs of the parties, and upon consideration thereof, the court finds:

"1. That relator is the owner of sublot No. 44 * * * (the lot in question):

"2. That this court granted a permanent injunction against the City of South Euclid, Ohio, in case No. 586,304 * * * enjoining the collection of sewer and water assessments and holding the lands free from any lien thereof:

"3. That said injunction covered the special assessments and reassessments for sewer and water on sublot No. 44, Temblehurst Road, in the City of South Euclid, Ohio.

"4. That the judgment of the Court of Common Pleas in case No. 586,304 was affirmed by the Supreme Court of Ohio in an opinion shown in volume 157 Oh St 437.

"5. That * * * relator submitted to respondent, Jacob Gallo, Building Inspector of the City of South Euclid, Ohio, an application for a building permit on sublot 44, Temblehurst Road, together with plans and specifications in all respects in conformity with the building code of the City of South Euclid, Ohio, and tendered the customary fees required for such building permit.

"6. That such plans and specifications were approved by the said Jacob Gallo, but that respondent refused to issue the building permit and the sewer and water connection permit until relator paid the additional sum of one hundred seventy four and 58/100 Dollars ($174.58) representing the cost of the sewer and water improvements for said sublot 44, Temblehurst Road.

"7. That on or about August 5, 1941, the City of South Euclid enacted an ordinance now known as No. 157.06 which provided that no permit shall be issued to tap sewer and water mains unless the abutting property owner shall have paid that portion of the cost of such sewer and water mains for which the property of said owner was formerly charged in the form of an assessment but which assessment the city has been unable to collect due to defects in procedure or the failure to collect an assessment lien.

"8. That such ordinance is void as against relator and that the refusal of respondents to issue to relator the building permit referred to is a violation of the previous order of the court."

The judgment continued by ordering the respondents to issue to relator a "building permit and (a) sewer and water connection permit."

In this appeal we are not favored with a bill of exceptions but we do have before us the papers in the case, including a stipulation of facts which was duly filed in the trial court under the provisions of §2321.12 R. C.

In the light of the record before us, we determine that the conclusions and findings of the trial court from paragraphs 1 to 7 inclusive, as shown above, are proper. As to whether the ruling in paragraph 8 and the issuance of the writ is justified, we now direct our attention.

The ordinance in question reads:

"Where public sewers or water mains have been constructed and the cost thereof has been wholly or partly paid out of the funds of the City, or financed through the issuance of bonds, and the owner of any property abutting upon such sewers or water mains makes application to tap such sewers or water mains, no permit shall be issued to such abutting property owner to make such connection or connections, nor shall such abutting property owner make such connection or connections unless he shall have first paid into the city treasury or given security for such payment satisfactory to the fiscal officer of the city that portion of the cost of such sewers or water mains which the property of said owner for which a connection or connections are desired to be made was formerly charged in the form of an assessment, but which assessment the city has been unable to collect due to defects in procedure or the failure to obtain an assessment lien for such cost. Provided, however, that where a portion of the cost of such sewers or water mains to which connections are desired to be made has been assessed against such abutting property and a valid assessment lien imposed thereon for such cost, or where in the case of an invalid assessment or reassessment for such cost may be levied under and by authority of §3902 GC such permit shall be issued, provided the same conforms with the other regulations of said city."

Upon a consideration of the ordinance, we find that it is not void. It appears that it establishes a rule of uniform operation throughout the city and was adopted to require all who would use the sewer and water connections to bear a burden equal to that borne by other users of the utility. The rule is not unreasonable.

Our conclusions we find consonant with the principles announced in **Herman et al v. State et al, 54 Oh St 505; State ex rel Stoeckle v. Jones et al, 161 Oh St 391.** The cited case of **State ex rel F. B. Co. v. Village of Beechwood,** 46 N. E. 2d, 808, 37 Abs 366, is distinguished because it is obviously based upon an entirely different factual situation.

The judgment is reversed and final judgment entered for the respondent.

HUNSICKER, J, MIDDLETON, J, concur