**KOHRMAN, Plaintiff-Appellee, v. RAUSCH et, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23861.    Decided November 8, 1956.

Kohrman, Kohrman & Madorsky, E. A. Plazer, for plaintiff-appellee.
Harold S. Rausch, for defendant-appellant.

## OPINION

By SKEEL, J:

This appeal comes to this Court on questions of law from a judgment and decree entered for the plaintiff by the Common Pleas Court of Cuyahoga County on motions for judgment on the pleadings entered by both parties. The petition seeks a mandatory injunction to cause the county recorder to issue a registered certificate of the title to lands (claimed to be owned by the plaintiff) under the Torrens Law of Ohio, to quiet title and other equitable relief.

The plaintiff's petition alleges that by order of the Common Pleas Court of Cuyahoga County, entered in December of 1946, the lands which are the subject of this action were forfeited to the State of Ohio for non-payment of taxes, assessments, penalties and interest. Thereafter, the county auditor offered such forfeited lands for sale at public auction held July 17, 1947, and that the plaintiff became the purchaser at such auditor's sale. It is alleged that Mary I. Megaw was the owner of such land prior to such forfeited land sale as evidenced by the Cuyahoga County Recorder's Land Title Registered Certificate No. 46675. That after the entry of forfeiture was put upon the court's journal, no objection, oral or written, was registered by Mary I. Megaw, and that she wholly failed to redeem the lands or pay the taxes, assessments and other charges thereon. The plaintiff thereafter received a certificate of sale for each lot purchased which was offered to the county recorder for memorialization on the registered land certificate and that such memorial was entered thereon. Deeds were received at the same time from the county auditor and recorded with the county recorder. The memorial of the certificate of sale received from the auditor was entered on the

registration certificate for each lot on July 17, 1947. No action thereafter was commenced by the then registered owner, Mary I. Megaw. That on November 12, 1952, the defendant, Harold S. Rausch, procured from Mary I. Megaw a deed of the same lands, which was offered to the county recorder for entry on the Land Title Register with the Certificate of Mary I. Megaw, and the recorder then issued to him Certificate of Title No. 67776 as evidence of title and included thereon all the memorials to which reference is herein made and that the memorials of the certificate of sale and the recording of the auditor's deeds of 1947 constituted notice to defendant, Rausch, of plaintiff's right and interest to said lands.

Plaintiff then alleges that he is the present owner of said lands and is entitled to have same registered in him. The prayer asks that Rausch and Megaw be compelled to set forth any claims or interest he or they may have or be forever barred and the county officers be required to show why the plaintiff is not entitled to have the property registered to show title in his name and for other equitable relief.

To the allegations of the foregoing amended petition, the defendant, Rausch, by leave of court, filed his amended answer, setting forth five defenses. It is admitted that at a public auction, denominated a forfeited land sale, the county auditor purported to sell to plaintiff as forfeited land for non-payment of taxes, assessments, and other charges, the lands described in plaintiff's petition which sale this defendant alleges took place on May 14, 1947. He alleges that at the time he acquired title and at the time it was registered in his name in the Torrens Title Records of the County Recorder of Cuyahoga County, no certificates as provided by §5309.53 and §5309.58 R. C. of the forfeiture proceeding appeared on the land title registration certificate pertaining to said sublots. He alleges that he had no title at the time of the attempted forfeiture and sale of these lands as forfeited lands and under the aforesaid provisions of the Revised Code of Ohio, he is not charged with notice at the time he received the title from Mary I. Megaw, now deceased, in November, 1952. The defendant alleges that the county auditor was without authority in law to institute proceedings to conduct a tax sale as described in plaintiff's amended petition without complying with §5309.53 R. C.; that is, until a memorial of the court order of forfeiture had been entered on the registered certificate of title, and that all proceedings, including the attempted sale and issuance of certificates of sale and deeds, were without legal effect because of the failure to memorialize the orders of the court as provided by law.

The second and third defenses allege that at the time the plaintiff's petition was filed in November, 1952, the action was barred by statutes of limitation as provided in §2305.07 and §2305.11 R. C.

The fourth defense alleges that a large portion of the delinquent tax claims were for special assessments charged against the property on the tax duplicate assessed by resolution or ordinance of the municipal corporation in which said land is situated, said assessments being for public improvements in the streets upon which such lands front. That said resolutions were passed after the torrenization of the property and be-

fore August 17, 1937. The ordinances and resolutions declaring the necessity for such improvements provided that the greater part of the cost of such street improvements should be assessed against the property fronting on the streets to be improved, a part of which property being the subject of this action. That many years have passed (since 1927) and as yet no improvements of any nature have ever been installed and that no benefit whatsoever was conferred on the property because of the alleged street improvement assessments.

It is further alleged that at the time of the commencement of the proceedings to provide for the street improvements herein referred to, the municipal council failed to cause copies of the resolutions of necessity or any of the assessment ordinances for the improvements to be filed with the county recorder and that no memorial of the legislation providing for such improvements or the assessment to be levied therefor was memorialized on the Torrens Register of these lands whereby it is alleged that such assessments as originally made and any attempted respread of such assessments are wholly void under the provisions of §8572.56 GC in effect at the time of these attempted assessments.

The fifth defense alleges that the notice of the 1947 County Auditor's Sale as advertised as to this property was fatally defective because the amount of taxes and assessments claimed to be due was grossly excessive by the inclusion of the void special assessments.

The plaintiff's reply does not deny the allegations of fact set forth in defendants-appellants' five defenses but alleges, except as to such allegations contained in the reply as are clearly conclusions of law, that such facts and statutes as set forth have no application to the action filed by the plaintiff.

The court was requested to find conclusions of fact and law as provided by §2315.22 R. C, which request was seasonably made by the defendant, and the trial court has filed such findings with the papers in the case.

The conclusions of fact follow very closely most of the allegations of the amended answer of the defendant, Rausch. The court finds that all necessary parties are before the court and that this action is brought under the provisions of §5309.60 R. C., requiring a court order before a registration certificate shall issue upon a tax deed issued upon the sale of forfeited torrenized lands. That the sale of the property here in question to the plaintiff as the highest bidder at the auditor's forfeited land sale was made on May 14, 1947, and that Mary I. Megaw, defendant Rausch's grantor, was the holder of Registered Title Certificate No. 46675 of Cuyahoga County Recorder's Land Register. The court found the fact to be that no memorial of the court orders or judgments, entered as required by law preliminary to a sale of forfeited lands by the county auditor, was memorialized on the registered certificate of title until July 17, 1947, when the auditor's certificate of sale was then placed or memorialized on registered certificate No. 46675 of Cuyahoga County Recorder's Land Register. On the same day, the plaintiff filed the auditor's deeds for record with the county recorder. That this action to require the recorder to issue a registered certificate of title in the name

of the plaintiff as required by §5309.60 R. C. was filed more than six years after filing the auditor's deed. That the defendant, Rausch, received his title from Mary I. Megaw, the registered owner, in November, 1952, and that Mary I. Megaw did not commence an action to set up a defense or question plaintiff's title within one year after the auditor's deeds were filed for record or at any other time since said date. That the defendant, Rausch, claims plaintiff is barred from bringing this action by reason of §§2305.07 and 2305.11 R. C., and that no resolution of necessity or ordinance imposing assessments by the municipal council was ever entered as a memorial on Certificate No. 46675 at any time. The pleadings establish without denial that the legislation required by law to provide street improvements (which improvements were never installed in the streets upon which this land abuts) was passed in 1927.

The court further found that the county auditor caused the lands to be advertised as alleged by the plaintiff and admitted by the defendant and that the defendant did not allege that he gave consideration to his grantor or that he has ever tendered plaintiff the sum paid by him for the land or the taxes since the date of purchase coming due on the described land.

Upon these determined facts, the court entered judgment for the plaintiff and set forth its conclusions of law to support such judgment as is disclosed by the record.

The defendant claims the following errors:

"1. The judgment and decree of the Court of Common Pleas should have been in favor of the appellant-defendant, and against the plaintiff-appellee, and is contrary to law.

"2. Error of the Court of Common Pleas in sustaining plaintiff-appellee's motion for judgment on the pleadings.

"3. Error of the Court of Common Pleas in overruling appellant's motion for new trial.

"4. Errors of the Court of Common Pleas in the rendition of separate findings of fact and conclusions of law.

"5. Abuse of judicial discretion by the Court of Common Pleas prejudicial to the appellant.

"6. The judgment and decree of the Court of Common Pleas is in violation of **Section 19, Article I of the Ohio Constitution.**

"7. The judgment and decree of the Court of Common Pleas is in violation of the Fifth Amendment to the Constitution of the United States."

In the case of **Realty Co. v. Willowick, 136 Oh St 257,** in speaking of the purposes of the Torrens Act providing for registration of title to land (**Chap. 5309 R. C.**), the court said at page 261 of its opinion:

"The predominant object of such legislation is the establishment of a method whereby the title to a particular tract, or parcel of real estate will be always ascertainable by reference to a register of conclusive veracity, maintained by the designated public official."

**Sec. 5309.07 R. C.,** defining the duty of one acquiring title to torrenized land by tax sale to have title conferred by order of a court of competent jurisdiction, provides:

"No title derived from any tax sale or tax deed may be registered

unless it appears that title under such tax sale or tax deed has been established and confirmed, or acquired, by a valid judgment or decree of a court of competent jurisdiction, or that the applicant and those from whom the applicant claims title have been in the actual, undisputed, and adverse possession of the land under such title for at least twenty-one years and have paid all taxes and assessments legally levied thereon for at least ten successive years next preceding the filing of the application."

In compliance with this section, this action is founded upon and is required of the plaintiff by the provisions of §5309.60 R. C. as a necessary proceeding under the Torrens Law of Ohio.

The section provides:

"A tax deed of registered land, or an interest therein, issued in pursuance of any sale for a tax assessment, or other imposition, shall have only the effect of an agreement for the transfer of the title upon the register. Before any person dealing with such land is affected by such tax deed such deed must be filed in the county recorder's office and a memorial of such filing be made by the recorder on the registered certificate of title for such land. No registration of title under such tax deed shall be made, or certificate of title issued thereon, unless the tax deed is filed within sixty days after its date, or in any case except upon the order of the probate court or the court of common pleas, on application therefor by petition to which all persons in interest shall be made parties and brought before the court. Any person interested in the land may show, as cause why such certificate shall not issue, any fact that might be shown at law or in equity on his behalf to set aside such tax deed. The party named in the tax deed must show affirmatively that the law entitling him to a deed has been strictly complied with. In such suit the court may decree such deed and tax sale under which the same was issued to be invalid for the purposes of entitling the purchaser or grantee to a transfer of the title to said land and order the same to be canceled upon the payment by any party in interest to said purchaser or grantee of the amount paid by him on such tax sale and subsequently as taxes on the property, together with interest on all such sums."

The first claim of the appellant is that the judgment is contrary to law, because, among other things, the right to bring the action had expired under the statute of limitations. The appellant cites two sections of the Revised Code—§§2305.07 and 2305.11 R. C.

Sec. 2305.07 R. C. provides:

"An action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

Sec. 2305.11 R. C., which in part provides a one year limitation for actions based on a penalty or forfeiture, has no application here. By the findings of fact, fully justified by the pleadings, this action was commenced more than six years subsequent to the filing of the auditor's deed which was issued sixty two days after the attempted forfeited land sale. The only manner in which the plaintiff can be entitled to a registered land certificate as a purchaser at a forfeited land sale is

by bringing this action as provided by §5309.60 **R. C.**, supra. It is a statutory action and must be brought within six years after the filing of the auditor's deed. The case of Powers v. Humming, 26 C. C. N. S. 237, at page 239 and 240, while not directly in point, supports this conclusion. We hold, therefore, that this action was barred by the statute of limitations.

At the time this defendant became the purchaser of the lands for which the plaintiff here seeks an order or judgment directing the recorder to issue to him a registered certificate of title under the Torrens Act (§5309.60 **R. C.**, supra), the only memorial appearing on the registered certificate with regard to the title to the land was the certificate of sale issued by the auditor as provided by §5723.12 **R. C.**, which was memorialized on the certificate of title in the recorder's office on July 17, 1947. The auditor's sale of forfeited lands took place on May 14th so that the forfeiture proceeding, including the judgment of the court, by which the State claimed to have acquired title, must have preceded such sale.

Secs. 5721.14 to 5721.17 **R. C.**, inclusive, provided the manner in which lands are forfeited to the state for nonpayment of taxes, assessments, interest and penalties. The County Board of Revision, after omitting lands from the foreclosure list, which in its judgment cannot be economically foreclosed is required to make a list of such omitted lands, file the same with the county prosecutor, who shall file an application for an order forfeiting such lands to the State of Ohio in the common pleas court. A hearing is provided for and the court is empowered by §5721.17 **R. C.** to "confirm the action of the board and order such lands forfeited to the state. Such lands shall thereupon be forfeited to the state and disposed of as provided by §§5723.01 to 5723.19, inclusive, **R. C.**" The last paragraph of this section provides for an appeal as in other civil cases from such court order or judgment. Only by such a proceeding can the state be vested with the title to forfeited lands and the power to sell such lands as provided by law.

Sec. 5309.53 **R. C.**, provides:

"No judgment or decree or order of a court shall be a lien upon or affect registered land, or any interest therein, until a certificate under the hand and official seal of the clerk of the court in which the case is entered, or of record, stating the date and purport of the judgment. decree, or order, or the action taken by the court, giving the number of the case, the full names of the parties, plaintiff and defendant, and the volume and page of the journal or record in which it is entered, or certified copy of such judgment, decree, order, or action of the court, stating the facts required by this section, is filed and noted in the office of the county recorder. When such filing is completed, a memorial of such filing shall be entered by the recorder upon the folium of the register in which the title to the land to be affected is last registered."

Sec. 5309.58 **R. C.**, in part, provides:

"No suit, action, or proceeding, pending in any court, affecting registered land or any interest therein or charge upon such land, is lis pendens, or notice to any person dealing with such land, until a certifi-

cate of the pendency of such suit, bill, or proceeding, under the hand and official seal of the clerk of the court in which it is pending, is filed with the county recorder, and a memorial thereof entered by him upon the last registered certificate of title to the land to be affected. This section does not apply to attachment or other proceedings, in which the officer making the attachment or levy, under §§5309.02 to 5310.21, inclusive, **R. C.,** is required to file and has filed with the recorder a certificate of the things such officer has done under the writ in his hands."

Sec. 5309.28 **R. C.,** in part, provides:

"Every applicant in a land registration case who without fraud on his part receives a certificate of title in pursuance of a decree of registration, and every subsequent purchaser of registered land, who takes a certificate of title for value and in good faith, shall hold such land free from all estates, encumbrances, and rights except those noted on the certificate and except any of the following estates, encumbrances, and rights which may be existing:"

The exceptions thereafter noted have no application here. These sections require that any court action, order or judgment affecting registered lands or any interest therein to constitute lis pendens or notice must be memorialized on the registered certificate. There is no exception to the rule. Such an order is a judgment. In the case of **Taylor v. Monroe, 158 Oh St 266,** the Court said in the second paragraph of the syllabus:

"2. Neither the judgment of the Common Pleas Court, rendered pursuant to §5718-1c GC, and ordering such land forfeited to the state, nor the judgment of the court, rendered pursuant to §8572-58 GC, and ordering issuance of a certificate of title under the Torrens Act to the purchaser of such land at the tax sale, will necessarily bar such former owner, who has taken no action in such court proceedings, from making such a contention in such proceedings under §5757 GC."

The failure to memorialize the judgment of forfeiture, whereby the state acquired title, invalidated all subsequent proceedings based upon such forfeiture. The auditor was without legal right to sell registered lands where he had failed to memorialize the order of forfeiture. This claim of error is, therefore, sustained.

The findings of fact, as pleaded by the defendant, establish for the purpose of the motions for judgment, that the improvements for which the grantor's part of the delinquent taxes had been assessed had been so assessed in 1927 by council action of the municipal corporation in which the land was situated and that such legislation was not memorialized on the registration certificate as required by §8572-56 GC, as then in force (amended 1937 withdrawing such requirement).

In the case of **Curry v. Lybarger, 133 Oh St 55,** the court, in dealing with this exact state of facts, said:

"1. The authority to levy special assessments for local improvements is conferred only by statute and the validity of such assessments is conditioned upon compliance with the requirements of these statutes.

"2. Under the provisions of §8572-56 GC prior to its repeal effective August 18, 1937), it was essential that notice of the passage of an ordinance or resolution providing for a public improvement, the ex-

pense of which was to be levied on real estate, and a list of the lands assessed or to be assessed be promptly filed with the county recorder as a prerequisite to the imposition of a valid assessment lien upon lands registered under the Torrens Act.

"3. A lien cannot be created upon lands registered under the Torrens Act by filing with the recorder notice of the passage of legislation for a local improvement seven years subsequent to the enactment of such legislation."

See also Shaker Corlett Land Co. v. City of Cleveland, 139 Oh St 536, 41 N. E. (2nd) 243, 23 O. O. 27; Groene v. Boyle, 141 Oh St 553, 49 N. E. (2nd) 564, 26 O. O. 148; Gunderson v. City of S. Euclid, 157 Oh St 437, 105 N. E. (2nd) 868, 47 O. O. 361; State, ex rel. F. B. Co. v. Beachwood, 37 Abs 366, 46 N. E. (2nd) 808.

The facts clearly show that the delinquent special assessments for public improvements assessed against this land are void for failure to memorialize the municipal legislation authorizing such improvements (such legislation having been passed prior to Aug. 17, 1937). It is also clear that such void assessments were considered by the Board of Revision in its decision to place said land in the list of lands to be forfeited. The sale as forfeited land based on the nonpayment of taxes where the greater part of the delinquency claimed was for special assessments which were void in fact and law and not, therefore, collectible as taxes against said property is absolutely void and of no legal effect. The third paragraph of the syllabus of the case of Younglove v. Hackman, 43 Oh St 69, 1 N. E. 230, provides:

"3. Where land is sold for non-payment of taxes charged thereon, and some part of such taxes is so charged illegally, such sale is void."

This same result must also follow where it is found as a fact that although the default of special assessments was a part of the tax delinquency for which the lands were forfeited to the state, and that although such assessment was made in 1929, to date (1955) no improvements have ever been installed.

The findings of fact, although the plaintiff's brief does not mention the subject, declares that there is no evidence that the defendant was a "bonafide" purchaser, that is, that he gave consideration for the transfer of the property from his grantor, Mary I. Megaw. There can be no legal significance to such finding. A purchaser can get no less than that owned by the seller and so far as the purchaser of registered land is concerned, he has the absolute right to rely on the assumption that there are no encumbrances or other claims not memorialized on the certificate of registration on file in the recorder's office. In the case of Corvington v. Heppert, 156 Oh St 411, where a licensee was in possession of property under a claimed lease for more than three years, which had not been memorialized on the recorder's registration certificate (the land being registered under the Torrens Act), the action was for breach of warranty by the purchaser because of the lease. The court held:

"3. A lease of a part of real property for a term exceeding three years, which property has been registered under the Torrens Act (§8572-1 et seq, GC), is ineffective against a purchaser of such property who takes

a certificate of title thereto for value and in good faith and where such lease is not noted on the certificate, and the purchaser may not successfully maintain an action for breach of warranty against the seller on account of such lease, which was not mentioned in the deed of conveyance."

Sec. 5309.28 R. C., supra, has application under the facts here being considered.

The deed to the defendant can be subject only to such liens or interests shown on the registration certificate and the question of consideration can have no effect as to claims of third persons.

The plaintiff also puts some reliance on the fact that the record fails to show a tender back of the payments made by the purchaser plaintiff upon the tax sale and taxes subsequently paid. Sec. 5309.60 R. C., in part, provides:

"The party named in the tax deed must show affirmatively that the law entitling him to a deed has been strictly complied with. In such suit the court may decree such deed and tax sale under which the same was issued to be invalid for the purposes of entitling the purchaser or grantee to a transfer of the title to said land and order the same to be canceled upon the payment by any party in interest to said purchaser or grantee of the amount paid by him on such tax sale and subsequently as taxes on the property, together with interest on all such sums."

The provisions of this section do not require a tender back of plaintiff's expenditures as a prerequisite for the true owner to defend against an unlawful sale of his property or as in this case, the purchaser's attempt to compel the issuance to him of a registered certificate of title.

The Supreme Court in the case of Heffern v. Hack, 65 Oh St 164, said, in dealing with a statute of similar character; (not involving torrenized land).

"1. The owner of land, in an action to recover it from one in possession under a void tax deed, is not required by §2910 R. S., before he can have judgment rendered in his favor, to refund or tender the taxes paid by the defendant. Such payment or tender may be made after judgment, but must be made before process is issued on the judgment to turn the defendant out of possession."

Here, whatever plaintiff paid for the purchase of the land must have in part been received for assessments that were absolutely void and not collectible. As to such payments, the plaintiff was a volunteer to whom the defendant owed no obligation. It must also be noted that there are no allegations in the pleadings dealing with this subject and not a word of evidence as to what has been paid.

Sec. 5723.17 R. C., provides:

"When the claimant of any lands sold for the nonpayment of taxes, assessments, penalties, interest, and costs, or his heirs or assigns, recovers the land sold, by reason of the invalidity of such sale, such claimant, or his heirs or assigns, shall refund to the purchaser, or his heirs or assigns, the amount of the purchase price, with all other taxes, assessments, penalties, interest and costs paid by such purchaser, or his heirs or assigns to the time of such recovery, with interest. Such sum shall

204

be paid to such purchaser entitled thereto, before he is evicted by any claimant so recovering such land. This section does not prevent a purchaser from obtaining the value of any improvements made upon said land under §5303.07 to 5303.17, inclusive, **R. C.**"

Whatever rights or obligations due or imposed upon either party with regard to monies expended by the plaintiff must, therefore, be left for determination in a subsequent action.

From the state of the record, the right of the defendant for a judgment in his favor on plaintiff's petitions is so clearly established, as a matter of law, that it requires this court to reverse the judgment and a decree for the plaintiff and to enter final judgment for the defendant.

KOVACHY, PJ, HURD, J, concur.